UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>　　　　　　Plaintiff(s),<br>　v.<br>KING COUNTY,<br><br>　　　　　　Defendant(s). | CASE NO. 2:22-cv-01254-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

　　　This matter is before the Court on its own motion. On September 7, 2022, Plaintiff filed an application to proceed *in forma pauperis* (Dkt. No. 1) with a proposed *pro se* complaint (Dkt. No. 1-1) against Defendant King County. Plaintiff's application was granted (Dkt. No. 3), and her Complaint was entered on the docket on September 14, 2022 (Dkt. No. 4). The Complaint purports to arise under 42 U.S.C. § 1983, alleging a depravation of Ms. Stuart Robinson's "liberty and Personal Rights as defined by the Washington State Constitution . . . without due process of law, which resulted in harm." Dkt. No. 4 at 4. Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff fails to state a claim upon which relief may be granted. The Court

therefore DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint with leave to file an amended complaint.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to the requirements set forth under 28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to dismiss the case if the Court determines that the Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must plead factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se*, courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [pro se] claim that were not initially pled." *E.g., Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Ms. Stuart Robinson appears to allege that Defendant King County deprived her of constitutionally protected rights by failing to enforce its own county ordinances and "[u]nconstitutionally, failed to take action in order to protect the health, safety and welfare of the general public." Dkt. No. 4 at 1-2, ¶¶ 1-4. To state a claim against a local government unit under 42 U.S.C. § 1983, Ms. Stuart Robinson must plead sufficient facts to establish that "(1) [s]he was deprived of a constitutional right; (2) [King County] had a policy; (3) the policy amounted to deliberate indifference to [her] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-95 (1978).

Ms. Stuart Robinson's Complaint is very light on concrete facts, and instead makes general, vague, and conclusory assertions about the nature of her claims. *See generally* Dkt. No. 4. Specifically, Ms. Stuart Robinson does not (1) specify any right protected by the United States Constitution[1] that was violated, (2) allege the existence of a specific policy or custom, (3) assert any specific facts amounting to deliberate indifference, or (4) assert facts connecting the alleged policy or custom to the alleged deprivation. *Id.* Even though the Court liberally interprets Ms. Stuart Robinson's *pro se* Complaint, her "[v]ague and conclusory allegations of . . . civil rights violations are not sufficient to" avoid dismissal. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, federal courts have limited

---

[1] To the extent Ms. Stuart Robinson is asserting rights "defined by the Washington State Constitution" (Dkt. 4 at 4), the Court notes that "Section 1983 does not provide a cause of action for violations of state law." *Cox v. Pacholke*, 2012 WL 5877513, at *6 (W.D. Wash. Oct. 9, 2012), *report and recommendation adopted sub nom. Cox v. Vail*, 2012 WL 5877511 (W.D. Wash. Nov. 20, 2012); *see also Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir.2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir.2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir.1997); *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir.1996); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.1981).

jurisdiction, and Ms. Stuart Robinson's complaints about King County's alleged failure to comply with its own laws and regulations and its alleged violations of its constitutional obligations under the Washington State Constitution are the rightful domain of the state courts. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."); *Wardius v. Oregon*, 412 U.S. 470, 477 (1973) ("[The State's] courts are the final arbiters of the State's own law.").

Courts will typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal unless amendment would be futile because no set of facts can cure the deficiencies. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court therefore ORDERS Plaintiff's Complaint (Dkt. No. 4) DISMISSED WITHOUT PREJUDICE and GRANTS Plaintiff leave to file an Amended Complaint. Ms. Stuart Robinson shall have **thirty (30) days** from the date of this order, or until no later than **October 24, 2022**, to file an Amended Complaint that plausibly states a claim against King County.

Dated this 23rd day of September 2022.

Tana Lin
United States District Judge

LEAVE TO AMEND - 4